**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

HASKINS TRUCKING INC.                    CIVIL ACTION NO. 07-0585

VERSUS                                   JUDGE S. MAURICE HICKS, JR.

GOODYEAR TIRE & RUBBER CO.,              MAGISTRATE JUDGE HAYES
ET AL.

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment (Record Document 13) filed

by one of the defendants, The Goodyear Tire & Rubber Company ("Goodyear").  Goodyear

moves for summary judgment, arguing that the plaintiff's claims under the Louisiana

Products Liability Act "(LPLA") fail due to the lack of expert and/or technical evidence to

support such claims.   The plaintiff, Haskins Trucking Inc. ("Haskins Trucking"), has

opposed the motion. See Record Document 16.  For the reasons which follow, Goodyear's

Motion for Summary Judgment is **GRANTED**.

**BACKGROUND**

Haskins Trucking is an independent trucking company that operates numerous 18-

wheeler tractor-trailers.  See Record Document 1-2, ¶ 3.  It purchased tires, many of which

were Goodyear, for its tractor-trailers and often had those tires recapped/retreaded.  See

id., ¶¶ 4-5.  Haskins Trucking contends that co-defendant Moore's Retread & Tire of the

Ark-La-Tex ("Moore's") represented that it was a Goodyear authorized retreader and that

it would recap/retread tires using a patented process and Goodyear recapping equipment.

See id., ¶¶ 6-7. Haskins Trucking also maintains that both Goodyear and Moore's provided

Haskins Trucking with a limited warranty after having the tires retread.  See id., ¶¶ 8-10.

Haskins Trucking filed its "Petition for Breach of Contract" in state court on March

9, 2007.  See id.  The case was removed to this Court on March 29, 2007.  See id.  The petition alleges that Haskins Trucking had tires recapped by Moore's, utilized those tires on its tractor-trailers, and then experienced multiple failures on the tires, all within the warranty period.  See id., ¶ 13.  Haskins Trucking contends that Goodyear and Moore's "are justly and truly indebted unto [the plaintiff] for breach of contract, including costs to repair or replace tires, loss of profit, payment of fines, down time, costs to repair tractor trailers, the cost of disposal tires, attorney's fees and all other damages allowed by Louisiana law."  See id., ¶ 1.

On February 25, 2007, Goodyear filed the instant Motion for Summary Judgment. See Record Document 13.  Moore's did not file a motion for summary judgment.  Haskins Trucking filed its opposition to Goodyear's motion on March 11, 2008.  See Record Document 16.  Goodyear then filed a Motion to Strike certain photographs attached to Haskins Trucking's opposition.  See Record Document 20.  To date, the Motion to Strike remains unopposed.

## LAW AND ANALYSIS

**I.      Motion to Strike.**

In its opposition brief, Haskins Trucking references "photographs showing very clearly the complaints by plaintiff which are obvious by an examination of the tire."  Record Document 16 at 10.  Yet, instead of attaching the original color photographs, Haskins Trucking attached black and white faxed copies.  See Record Document 16-2 at 21-33. The quality of these copies is extremely poor and Goodyear objected to the propriety of such copies in its reply brief.  See Record Document 18.  Recognizing that the quality of

the copies was poor, Haskins Trucking submitted color prints of the original color photographs as a manual attachment.  Goodyear then filed the instant Motion to Strike and renewed the objections set forth in its reply brief.  See Record Document 20.

The photographs are accompanied by a facsimile cover sheet dated March 10, 2008.  See Record Document 16-2 at 21-22.  The cover sheet lists the sender as J.L. Haskins and the recipient as counsel for Haskins Trucking.  See id.  The lines of the cover sheet marked "Remarks/Message" contain a brief description of the photographs.  See id. While it is unclear, it appears that the description was written by J.L. Haskins.

Goodyear objects to the photographs on the grounds that they are unexplained, incompetent, unauthenticated, and inadmissible.  Goodyear specifically notes that "there is no affidavit, sworn testimony, or properly laid foundation as to the photographs' authenticity or reliability."  Record Document 20-2 at 3.  Goodyear requests that the black and white faxed copies and the color prints be stricken from Haskins Trucking's opposition brief, as they are not proper evidence to oppose a motion for summary judgment.  See Duplantis v. Shell Offshore, Inc., 948 F.2d 187, 191 (5th Cir. 1991) ("It has long been settled law that a plaintiff must respond to an adequate motion for summary judgment with admissible evidence.") (citation omitted); King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994) ("Unauthenticated documents are improper as summary judgment evidence.").

It is well settled in the Fifth Circuit that unauthenticated documents, including photographs, are not the kind of evidence described in Federal Rule of Civil Procedure 56(c) and (e).  See Duplantis, 948 F.2d at 191-192; King, 31 F.3d at 346; Richardson v. Oldham, 811 F.Supp. 1186, 1198 (E.D.Tex. 1992) (court granted motion to strike documents attached to affidavit, including unauthenticated photographs of injuries).  Here,

there is no affidavit accompanying the challenged photographs and the unsworn description contained in the facsimile cover sheet does not satisfy the requirements of Rule 56(c) and (e).  Accordingly, Goodyear's Motion to Strike the black and white faxed copies and the color prints of the photographs submitted by Haskins Trucking is granted.

## II.    Summary Judgment Standard.

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).  "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 263 (5th Cir. 2002).  If the movant demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Littlefield v. Forney Indep. Sch. Dist., 268 F.3d 275, 282 (5th Cir. 2001).  Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted.  See Alton v. Tex. A&M Univ., 168 F.3d 196, 199 (5th Cir. 1999).

## III.    The LPLA Claims.

In this diversity claim, Louisiana products liability law applies to Haskins Trucking's

claims.  See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817 (1938).  The LPLA sets forth the exclusive theories of manufacturers' liability for damages caused by their products.  See Aucoin v. Southern Quality Homes, LLC, No. 2007-C-1014, 2008 WL 498668, 13 (La. 2/26/08).  Louisiana Revised Statute 9:2800.54(A) provides that "the manufacturer of a product shall be liable to a claimant for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product by the claimant or another person or entity."  Under Louisiana law, a product can be unreasonably dangerous in construction or composition; in design; due to an inadequate warning; or because it does not conform to an express warranty of the manufacturer about the product.  See La. R.S. 9:2800.54(B).  The plaintiff bears the burden of proving that a product is unreasonably dangerous.  See La. R.S. 9:2800.55(D).  "Defects are not presumed by the mere occurrence of an accident."  Sittig v. Louisville Ladder Group LLC, 136 F.Supp.2d 610, 613 (W.D.La. 2001), citing Spott v. Otis Elevator Co., 601 So.2d 1355 (La.1992).  In the design context, courts have reasoned that a plaintiff fails to create a genuine issue of material fact "without expert or technical evidence to support the contention that the design was defective or to establish an alternative design."  McCarthy v. Danek Medical, Inc., 65 F.Supp.2d 410, 412 (E.D.La. 1999) (citations omitted).

Haskins Trucking does not dispute that it has presented no expert reports pursuant to Federal Rule of Civil Procedure 26.  For instance, Haskins Trucking admitted that it had not provided any expert report or other expert evidence (1) that a defect in the recapping or retread process lead to a breach of any warranty obligation; or (2) that any alleged defect in any of the tires or the recapping or retread process caused any tire failure.  See

Record Document 13-2, ¶¶ 2-3; Record Document 16, ¶¶ 2-3.  Goodyear moves for summary judgment on the grounds that Haskins Trucking has failed to meet its burden in establishing essential elements of its claim, namely that an unreasonably dangerous characteristic of a product caused its damages.  Specifically, Goodyear noted that Haskins Trucking has failed to produce expert or sufficient technical evidence of any defect with regard to either the tires or the retread process.  Goodyear avers that summary judgment is appropriate under these circumstances because mere allegations and speculation that the tires and/or the retreading process were defective is simply not enough to defeat a motion for summary judgment when such allegations are unsupported by expert evidence or substantiated technical evidence.

Conversely, Haskins Trucking contends that expert testimony is not necessary in this case, specifically arguing:

> This is not a case where we need a rocket engineer to tell us anything.  This is simply a case where caps put on tires came off prior to being worn down to a width that will no longer allow them to be utilized.  It does not take an expert to recognize when caps came off of retread tires.

Record Document 16 at 2.  Haskins Trucking appears to rely on the testimony of lay witnesses who have knowledge of the defects and conditions of the tires at issue in this case and contends that the defects in the tires at issue in this case will be open and obvious to all.  In opposing the Motion for Summary Judgment, Haskins Trucking contends that "the tires themselves will show that the wrong cap size was placed on the tires and the cap was not parallel with the tires so as to have a tread down the middle."  Id. at 5.  It relies heavily upon the deposition testimony of J.L. Haskins and Danny Haskins, who both expressed opinions about "defects" and what caused the failure of the tires.  For instance,

Mr. J.L. Haskins, President of Haskins Trucking, stated during his deposition that the gum rubber was built up under the cap, which caused separation.  <u>See</u> Record Document 14-3 at 26 GYH (132).

While at first challenging Goodyear's status as a manufacturer, Haskins Trucking appears to concede that Goodyear is a manufacturer "insofar as recaps are concerned" and specifically argues:

> The composition including gum rubber was defective, the design (using the wrong size caps), aligning the cap improperly are all obvious defects in either composition or design.  Also, Goodyear breached the warranty attached to these proceedings.

<u>Id.</u> at 8.  Thus, it appears that Haskins Trucking is arguing that the recapped/retreaded tires were unreasonably dangerous in composition, in design, and because they did not conform to an express warranty.

### A.     Construction/Composition and Design Claims.

Under Louisiana law, "a product is unreasonably dangerous in construction or composition if, at the time the product left its manufacturer's control, the product deviated in a material way from the manufacturer's specifications or performance standards for the product or from otherwise identical products manufactured by the same manufacturer." La. R.S. 9:2800.55.  Section 2800.56 provides that a product is unreasonably dangerous in design if, at the time the product left its manufacturer's control:

(1)     There existed an alternative design for the product that was capable of preventing the claimant's damage; and

(2)     The likelihood that the product's design would cause the claimant's damage and the gravity of that damage outweighed the burden on the manufacturer of adopting such alternative design and the adverse effect, if any, of such alternative design on the utility of the product. An adequate warning about a product shall be considered in

> evaluating the likelihood of damage when the manufacturer has used reasonable care to provide the adequate warning to users and handlers of the product.

La. R.S. 9:2800.56.  Again, Haskins Trucking bears the burden of proving the existence of a defect by a preponderance of evidence.  See Gladney v. Milam, No. 39,982-CA (La.App. 2 Cir. 9/21/05), 911 So.2d 366, 370, citing La. R.S. 9:2800.54(D).

Haskins Trucking has not presented expert or other competent summary judgment evidence to supports its allegations that the gum rubber used in the retread process was defective, that the design was defective due to the use of wrong size caps, and/or that the alignment of the cap was defective.  Further, even if this Court were to assume a defect, Haskins Trucking has failed to present competent summary judgment evidence on the issue of proximate cause, i.e., that the alleged defects proximately caused the failure of the tires.  See La. R.S. 9:2800.54(A).  A review of the case law involving Louisiana products liability claims reveals that courts generally demand, or at a minimum favor, expert testimony to prove an unreasonably dangerous defect in composition or design of a product.

In Belleau v. Bridgestone/Firestone North American Tire, LLC, No. 05-192-C, 2008 WL 565480, *4 (M.D.La. Feb. 28, 2008), the court dealt with a products liability action that arose out of an automobile accident caused by an allegedly defective tire manufactured by the defendant.  The plaintiffs offered only their testimony of what happened prior to the accident.  See id.  The court reasoned that such testimony was insufficient to prove that the accident was caused by a defective tire and held that the plaintiffs were unable to meet their burden of proving that the tire was defective or unreasonably dangerous without the assistance of expert testimony.  See id.

In <u>Gladney</u>, the plaintiffs presented expert testimony and photographic evidence which they argued was sufficient to create a genuine issue of material fact regarding the issue of whether the tires at issue were defective, thus defeating summary judgment.  <u>See</u> <u>Gladney</u>, 911 So.2d at 370.  The defendants also submitted expert affidavits in support of their motion for summary judgment.  <u>See id.</u> at 370-371.  The district court granted summary judgment in favor of defendants.  On appeal, the plaintiffs argued that the district court improperly weighed the credibility of the expert witnesses.  <u>See id.</u> at 371.  The appellate court disagreed:

> Contrary to plaintiffs' contention, the court did not weigh the credibility of the parties' experts.  Rather, the court reviewed the expert affidavits and accepted the opinions of plaintiffs' experts as true.  However, the court found that the opinions of [the plaintiffs' experts] were not sufficient to create a factual issue regarding a defective condition in the tire.
>
> . . .
>
> At trial, the plaintiffs would have the burden of proving by a preponderance of evidence that a characteristic of the tire made it unreasonably dangerous, or that the tire was negligently maintained, thereby causing the accident.  However, the plaintiffs' experts did not know the air pressure at the time of the accident or when the pressure was last checked, and could only speculate that the tire was defective given the visible damage to the tire depicted in the photographs.  Thus, although the circumstantial evidence offered by plaintiffs raised several plausible explanations for the cause of the tire's failure, the record does not contain sufficient evidence from which a reasonable juror could conclude that more probably than not the accident was caused by either a defective condition of the tire or negligent maintenance.

<u>Id.</u> at 371-372.

There is no expert testimony in this case.  Further, the Court granted Goodyear's Motion to Strike the color photographs of tires submitted by Haskins Trucking.  Thus, Haskins trucking is left to rely on the allegations in its petition, deposition testimony, and

discovery responses in meeting its burden of proving why the tires failed, what caused their alleged failure, and/or how the failure is causally connected to the practices of Goodyear. Focusing on proximate causation, the Court finds that Haskins Trucking has not come forward with sufficient evidence from which a reasonable juror could conclude that more probably than not the damages in this case were caused by a defective condition of the tires or the retreading process.  Haskins Trucking has not sufficiently accounted for other possible causes of the tire failure, such as the age of the tires, road hazards, and tread wear below the minimum tread depth.  The deposition testimony and discovery responses certainly constitute circumstantial evidence raising concerns about gum rubber and caps, however without expert testimony or other convincing technical evidence, these speculations and opinions simply are not enough to create a factual issue regarding a defective condition in the tire or retreading process.

     **B.**    **Express Warranty Claim.**

Section 2800.58 of the LPLA states that "a product is unreasonably dangerous when it does not conform to an express warranty made at any time by the manufacturer about the product if the express warranty has induced the claimant or another person or entity to use the product and the claimant's damage was proximately caused because the express warranty was untrue."  The warranty at issue in this case provides:

> Full credit for the retreading or repair costs will be issued, based on the current "predetermined price for adjustment" or the "retail selling price" of the retread during the first 2/32" (or the first 25% for UNICIRCLE retreads) of usable treadwear if the casing becomes unserviceable within the coverage period due to a covered warranty condition.

> Retreading costs that are not eligible for full credit will be prorated.  The replacement price will be calculated by multiplying the current Goodyear "predetermined price for adjustment" or the "retail selling price" of the

retread, whichever is lower, by the percentage of usable tread remaining at
the time of adjustment.

Record Document 14-3 at 32 GYH.

Haskins Trucking has not presented any evidence as to why a warranty from
Goodyear induced it to purchase recapped tires.  Haskins Trucking does allege that all of
the recapped tires failed, including recapped tires that had been worn to the point where
no tread depth existed.  <u>See</u> Record Document 14-3 at 25-27 GYH.  Yet, as stated
previously, it has not accounted for whether the tires at issue were worn below the
minimum tread depth for the service life of the tire, how many miles were put on the tires
through use, when the tires allegedly failed, who was driving when the tires allegedly failed,
the inflation pressure of the tires, or the exact circumstances of even a single one of the
alleged failures.  <u>See id.</u> at 19, 21-22, 25, 38, 43 GYH.  Haskins Trucking has not produced
substantiating evidence to support its express warranty claim and its conclusory allegations
that Goodyear breached its express warranty are simply not enough to defeat summary
judgment.

## CONCLUSION

Based on the foregoing, the Court finds that summary judgment in favor of
Goodyear is appropriate.  Haskins Trucking has simply failed to present competent
summary judgment evidence to support essential elements of its LPLA claims.

Accordingly,

**IT IS ORDERED** that the Motion for Summary Judgment (Record Document 13)
filed by The Goodyear Tire & Rubber Company be and is hereby **GRANTED**.

An order consistent with the terms of the instant Memorandum Ruling will issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 17th day of April, 2008.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE